IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE' BOSTON,

    Plaintiff,                    No. CIV S-10-1782 KJM DAD P

vs.

V. GARCIA et al.,                   ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to amend and proposed amended complaint.

        On March 11, 2011, the undersigned found that plaintiff's complaint appeared to state a cognizable Eighth Amendment claim against defendants Garcia, Alkire, and Renauld. The undersigned also found, however, that plaintiff's complaint did not state a cognizable claim against defendants Bayles, Reinsel, and Grannis for the way in which they allegedly responded to plaintiff's inmate appeals, nor against defendants Aguila, McDonald, John Doe, and Jane Doe because plaintiff failed to allege an actual connection or link between the actions of these latter defendants and the deprivation alleged to have been suffered by plaintiff.

/////

Subsequently, plaintiff filed objections to the court's "dismissal" of defendants Bayles, Reinsel, Grannis, Aguila, McDonald, John Doe, and Jane Doe. On May 10, 2011, the court advised plaintiff that it did not dismiss these defendants but rather determined that plaintiff's complaint failed to state a cognizable claim against them and therefore did not order service of these defendants. The court further advised plaintiff that the Federal Rules of Civil Procedure allow a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Shortly thereafter, plaintiff filed the pending motion to amend, together with a proposed amended complaint.[1]

To date, defendants have not filed a responsive pleading in this matter. Accordingly, plaintiff's motion to amend is unnecessary and will be denied as such. However, because plaintiff is a litigant proceeding in forma pauperis, his pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915. Again, the court finds that plaintiff's amended complaint appears to state an Eighth Amendment claim against defendants Garcia, Alkire, and Renauld. However, once more, plaintiff's allegations fail to state a cognizable claim for relief against Bayles, Reinsel, and Grannis. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. In this regard, even if the named defendants delayed, denied, or erroneously screened out plaintiff's administrative grievances, they have not deprived him of a federal constitutional right. As the court previously informed plaintiff, an "inmate lacks a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). In addition, plaintiff's allegations fail to state a cognizable claim for relief against named defendants Aguila, Hirai, McDonald, and John/Jane Doe. Section 1983 requires that there be an

---

[1] Plaintiff has requested that the court remove the exhibits from his original complaint and attach them to his amended complaint. In the interest of justice, the court will grant plaintiff's request.

actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs. , 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff has not alleged any wrongdoing by these defendants Aguila, Hirai, McDonald, and John/Jane Doe that could rise to the level of a constitutional violation.

Given the defects in the allegations of plaintiff's amended complaint and the court's previous order providing direction to plaintiff, it is now clear that allowing plaintiff any further opportunity to amend his complaint against these defendants would be futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  The undersigned will therefore recommend that defendants Aguila, Bayles, Grannis, Harai, McDonald, and Reinsel be dismissed.

Finally, as noted above, defendants Garcia, Alkire, and Renauld have not filed a responsive pleading in this matter.  They have, however, filed a request for the court to screen plaintiff's amended complaint and for a thirty-day extension of time from the date the court screens plaintiff amended complaint to file a responsive pleading in this matter. Good cause appearing, the court will grant defendants' request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (Doc. No. 21) is denied as unnecessary;

2. Defendants' request for the court to screen plaintiff's amended complaint and for an extension of time (Doc. No. 23) is granted;

3. Defendants Garcia, Alkire, and Renauld shall file a responsive pleading to plaintiff's amended complaint within thirty days of the date of this order; and

/////

3

4. The Clerk of the Court is directed to remove the exhibits from plaintiff's original complaint and attach them to plaintiff's amended complaint.

IT IS HEREBY RECOMMENDED that defendants Aguila, Bayles, Grannis, Harai, McDonald, and Reinsel be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bost1782.10