1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDRE' BOSTON,

11            Plaintiff,                    No. CIV S-10-1782 KJM DAD P

12       vs.

13   V. GARCIA et al.,

14            Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking

17   relief under 42 U.S.C. § 1983.  This matter is before the court on a motion to dismiss brought on

18   behalf of defendants Garcia, Alkire, and Renauld.  Plaintiff has filed an opposition to the motion

19   and defendants have filed a reply.

20                            **BACKGROUND**

21            Plaintiff is proceeding on an amended complaint against defendants Garcia,

22   Alkire, and Renauld.  Therein, plaintiff alleges that he suffers from Sarcoidosis and is at

23   increased risk for complications if he is housed at a prison located in high-altitude.  On March

24   17, 2008, the Chief Medical Officer at Pleasant Valley State Prison ("PVSP") requested a

25   transfer for plaintiff due to his medical condition.  On April 9, 2008, the Unit Classification

26   Committee ("UCC") reviewed plaintiff's case file and recommended a transfer for him to either

                                           1

1   San Quentin State Prison or California Men's Colony.  Despite the UCC's recommendation,

2   however, defendant Garcia endorsed plaintiff for a transfer to the California Correctional Center

3   ("CCC").  According to plaintiff, CCC is another institution located in high-altitude, and his

4   transfer to that prison placed his health in danger.  (Am. Compl. at 8-9 & 21.)

5          Not long after plaintiff transferred to CCC, he filed an inmate appeal contesting

6   that transfer.  Plaintiff also saw Dr. Handke, an outside pulmonary specialist, who confirmed that

7   plaintiff suffers from Sarcoidosis.  Based on Dr. Handke's opinion, prison officials at CCC

8   requested a transfer for plaintiff to an institution at a lower-altitude.  On July 16, 2008, the UCC

9   reviewed plaintiff's case file and recommended a transfer for him to California Medical Facility

10  ("CMF") or Salinas Valley State Prison ("SVSP").  On the same day, however, defendant

11  Renauld denied plaintiff's inmate appeal contesting his transfer to CCC and refused to authorize

12  plaintiff's transfer because CCC is at a security level commensurate with plaintiff's placement

13  score.  Thereafter, on July 23, 2008, defendant Alkire reviewed plaintiff's case file and the

14  UCC's recommendation to transfer plaintiff to CMF or SVSP but nonetheless endorsed plaintiff

15  for a transfer to High Desert State Prison ("HDSP").  According to plaintiff, HDSP is located at a

16  higher altitude than CCC, and his transfer to HDSP placed his health in further danger.  (Am.

17  Compl. at 9-14 & 21.)

18         After arriving at HDSP, plaintiff saw Dr. Hudson, an ENT, and Dr. Mashour, a

19  pulmonary specialist.  Both doctors recommended that prison officials transfer plaintiff to an

20  institution located at sea level.  On December 10, 2008, the Chief Medical Officer at HDSP

21  requested a transfer for plaintiff.  According to plaintiff, however, he did not actually receive a

22  transfer to Richard J. Donovan Correctional Facility until October 8, 2009.  In the meantime,

23  plaintiff alleges that his daily activities were significantly affected, and he had to use

24  supplemental oxygen for several months awaiting transfer.  (Am. Compl. at 15-17, 19 & 21.)

25         Plaintiff claims that the defendants have been deliberately indifferent to his

26  serious medical needs in violation of the Eighth Amendment.  In terms of relief, plaintiff requests

1   an award of monetary damages.  (Am. Compl. at 20-25.)

2                    **DEFENDANTS' MOTION TO DISMISS**

3   I.  Defendants' Motion

4             Pursuant to Rule 12(b)(6), defense counsel moves to dismiss plaintiff's complaint

5   on the grounds that it fails to state a cognizable claim.  Specifically, defense counsel contends

6   that defendant Garcia did not violate plaintiff's Eighth Amendment rights when he endorsed

7   plaintiff for a transfer from PVSP to CCC because the defendant's endorsement conformed to the

8   medical recommendation to transfer plaintiff out of the Valley Fever endemic area where PVSP

9   was located.  According to defense counsel, the medical recommendation did not mention any

10  impact that a high-altitude placement would have on plaintiff's medical condition.  In addition,

11  defense counsel contends that defendant Alkire did not violate plaintiff's Eighth Amendment

12  rights when he endorsed plaintiff for a transfer from CCC to HDSP after verifying that the

13  recommended institutions located at lower-altitudes were full.  Defense counsel notes that

14  plaintiff was receiving adequate medical care at CCC, and defendant Alkire believed that

15  plaintiff's proper medical care would continue when he transferred to HDSP, a neighboring

16  institution.  Finally, counsel contends that defendant Renauld's denial of plaintiff's inmate appeal

17  complaining about defendant Alkire's endorsement of his transfer to HDSP was at worst an error

18  committed in good faith.  Counsel notes that plaintiff's continued presence at HDSP and his

19  ongoing treatment by specialists in the area was the best available alternative to an unavailable

20  transfer to an institution located at lower-altitude.  (Defs.' Mot. to Dismiss at 10-16.)

21            Alternatively, defense counsel argues that the defendants are entitled to qualified

22  immunity.  Specifically, defense counsel contends that none of plaintiff's allegations evidence

23  deliberate indifference or any constitutional violation.  In addition, counsel asserts that

24  reasonable persons in the defendants' position would have believed that their conduct in

25  connection with plaintiff's assignment was lawful.  (Defs.' Mot. to Dismiss at 16-18.)

26  /////

II.  Plaintiff's Opposition

In opposition to the defendants' motion to dismiss, plaintiff argues that he has a serious medical condition, Stage III Sarcoidosis, that is well documented.  According to plaintiff, during his transfer reviews prompted by medical recommendations, the defendants failed to act reasonably to ensure that he was transferred to a medically appropriate institution.  As a result of defendants' conduct, plaintiff contends that his health deteriorated and he was unnecessarily subjected to conditions of confinement that posed a serious risk to his health.  In plaintiff's view, the defendants knew or should have known but chose to ignore the risks involved in transferring him to high-altitude institutions.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 5-19.)

Plaintiff also argues that the defendants are not entitled to qualified immunity. Plaintiff contends that the defendants did not act reasonably when they transferred him to institutions located at high-altitude directly contrary to recommendations from his medical specialists.  Moreover, plaintiff contends that adequate medical care is a clearly established right protected by the Eighth Amendment.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 19-23.)

III.  Defendants' Reply

In reply, defense counsel argues that plaintiff has not demonstrated that defendant Garcia was aware of and ignored plaintiff's serious medical needs when he endorsed plaintiff for a transfer from PVSP to CCC.  In addition, counsel argues that defendant Alkire acted in good faith when she endorsed plaintiff for a transfer from CCC to HDSP to maintain continuity of medical care after she determined that the recommended institutions located at a lower-altitude were full.  Finally, counsel argues that defendant Renauld did not violate plaintiff's Eighth Amendment rights when he denied plaintiff's inmate appeals concerning the transfers because Renauld was not aware of a serious risk posed to plaintiff's health and did not deliberately ignore any such risk.  Alternatively, defense counsel reiterates that all of the defendants are entitled to qualified immunity.  (Defs.' Reply at 1-14.)

/////

4

**ANALYSIS**

I. <u>Motion Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  <u>See</u> <u>also</u> <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d

266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim the plaintiff must allege and ultimately show that objectively he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also allege and show that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834.

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical

1  malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d

2  458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

3          In this case, the court finds defense counsel's argument that plaintiff's amended

4  complaint fails to state a cognizable claim against defendants Garcia, Alkire, and Renauld to be

5  unpersuasive.  As defense counsel is aware, the court is required to screen complaints brought by

6  prisoners seeking relief against a governmental entity or an officer or employee of a

7  governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion

8  thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

9  a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

10 immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

11         On July 27, 2011, the court screened plaintiff's amended complaint and found that

12 it appeared to state cognizable claims for relief against defendants Garcia, Alkire, and Renauld.

13 In screening plaintiff's amended complaint and ordering defendants to respond to it, the court

14 determined that there were allegations of a sufficient link or connection between the defendants'

15 alleged actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v.

16 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

17 1978).  Specifically, plaintiff alleges in his amended complaint that prison medical personnel, as

18 well as outside specialists treating plaintiff for Sarcoidosis, recommended that prison officials

19 transfer plaintiff to appropriate, lower altitude institutions due to his medical condition.

20 According to plaintiff, contrary to these recommendations, defendants Garcia, Alkire, and

21 Renauld had plaintiff transferred, or endorsed his transfer, to high-altitude institutions that were

22 not appropriate in light of his serious medical condition.  Plaintiff alleges that defendants'

23 conduct caused his condition to deteriorate and forced him to endure unnecessary risks to his

24 health.  (Am. Compl. at 8-17.)

25         Based on the allegations in plaintiff's amended complaint, the court finds once

26 more that plaintiff has stated a cognizable claim against defendants Garcia, Alkire, and Renauld

1   for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  If

2   proven, the defendants' alleged involvement in plaintiff's transfer to institutions that were

3   inappropriate in light of his medical condition and were contrary to his doctors'

4   recommendations could very well amount to a violation of plaintiff's constitutional rights.  See

5   Estelle, 429 U.S. at 104-05 (deliberate indifference may manifest "by prison doctors in their

6   response to the prisoner's needs or by prison guards in intentionally denying or delaying access to

7   medical care or intentionally interfering with the treatment once prescribed"); Jett v. Penner, 439

8   F.3d 1091, 1097-98 (9th Cir. 2006) (prison doctor may have been deliberately indifferent to a

9   prisoner's medical needs when he decided not to request an orthopedic consultation as the

10  prisoner's emergency room doctor had previously ordered); Lopez v. Smith, 203 F.3d 1122, 1132

11  (9th Cir. 2000) (a prisoner may establish deliberate indifference by showing that a prison official

12  intentionally interfered with his medical treatment); Wakefield v. Thompson, 177 F.3d 1160,

13  1165 & n.6 (9th Cir. 1999) ("a prison official acts with deliberate indifference when he ignores

14  the instructions of the prisoner's treating physician or surgeon."); see also Jackson v. Carey, 353

15  F.3d 750, 755 (9th Cir. 2003) (on a motion to dismiss, "[t]he issue is not whether a plaintiff will

16  ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

17  Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but

18  that is not the test.")).

19          Accordingly, defendants' motion to dismiss plaintiff's Eighth Amendment claim

20  should be denied.

21  II.  Qualified Immunity

22          The court now turns to defense counsel's contention that the defendants are

23  entitled to qualified immunity.  "Government officials enjoy qualified immunity from civil

24  damages unless their conduct violates 'clearly established statutory or constitutional rights of

25  which a reasonable person would have known.'"  Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.

26  2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  When a court is presented with

1    a qualified immunity defense, the central questions for the court are (1) whether the facts alleged,

2    taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct

3    violated a statutory or constitutional right and (2) whether the right at issue was "clearly

4    established." Saucier v. Katz, 533 U.S. 194, 201 (2001).

5            Although the court was once required to answer these questions in order, the

6    United States Supreme Court has clarified that "while the sequence set forth there is often

7    appropriate, it should no longer be regarded as mandatory." Pearson v. Callahan, 555 U.S. 223,

8    236 (2009).  In this regard, if a court decides that plaintiff's allegations do not make out a

9    statutory or constitutional violation, "there is no necessity for further inquiries concerning

10   qualified immunity." Saucier, 533 U.S. at 201.  Likewise, if a court determines that the right at

11   issue was not clearly established at the time of the defendant's alleged misconduct, the court may

12   end further inquiries concerning qualified immunity without determining whether the allegations

13   in fact make out a statutory or constitutional violation.  Pearson, 555 U.S. at 236-42.

14           Here, plaintiff alleges that, contrary to his doctors' medical recommendations, the

15   defendants transferred him, or endorsed his transfer to, institutions located at high-altitude that

16   were inappropriate in light of his medical condition.  At this juncture, the court cannot say what

17   admissible evidence will ultimately prove.  At the pleading stage, however, the court must accept

18   plaintiff's allegations as true.  As noted above, if proven, plaintiff's allegations are sufficient to

19   establish that the defendants were deliberately indifferent to his serious medical needs in

20   violation of the Eighth Amendment.  Moreover, having determined that defendants' alleged

21   conduct is sufficient to violate the Eighth Amendment, the court observes that by 2008, "the

22   general law regarding the medical treatment of prisoners was clearly established," and "it was

23   also clearly established that [prison staff] could not intentionally deny or delay access to medical

24   care." Clement v. Gomez, 298 F.3d 989, 906 (9th Cir. 2002).  In this regard, any reasonable

25   prison official should have known that transferring plaintiff, or endorsing his transfer, to an

26   institution inappropriate in light of his medical condition and contrary to his doctors' medical

9

1 | recommendations violated the Eighth Amendment.

2 |       Accordingly, defendants' motion to dismiss based on the affirmative defense of

3 | qualified immunity should also be denied.[1]

4 | **CONCLUSION**

5 |       Accordingly, IT IS HEREBY RECOMMENDED that:

6 |       1.  Defendants' motion to dismiss for failure to state a claim and based on the

7 | affirmative defense of qualified immunity (Doc. No. 27) be denied; and

8 |       2.  Defendants be directed to file an answer in response to plaintiff's Eighth

9 | Amendment claims within thirty days of any order adopting these findings and recommendations.

10 |       These findings and recommendations are submitted to the United States District

11 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

12 | days after being served with these findings and recommendations, any party may file written

13 | objections with the court and serve a copy on all parties.  Such a document should be captioned

14 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15 | shall be served and filed within seven days after service of the objections.  The parties are

16 | advised that failure to file objections within the specified time may waive the right to appeal the

17 | District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18 | DATED: January 13, 2012.

19 |

20 | _Dale A. Drozd_

21 | DAD:9     DALE A. DROZD

bost1782.57     UNITED STATES MAGISTRATE JUDGE

22 |

23 |

24 |

25 |    [1] Defendants are free to raise the affirmative defense of qualified immunity at the

summary judgment stage of this action based upon evidence adduced through discovery or

26 | otherwise obtained.

10