IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE' BOSTON,

    Plaintiff,                    No. 2: 10-cv-1782 KJM DAD P

    vs.

V. GARCIA, et al.,

    Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently before the court are two motions arising out of the discovery in this case. Additionally, plaintiff has filed a motion to exceed the indigent legal copy debt limit for a *pro se* inmate as well as a third motion for the appointment of counsel.

                              I.  DISCOVERY MOTIONS

        On May 4, 2012, the court issued a discovery and scheduling order. Pursuant to that order the parties were given until August 24, 2012 to conduct discovery. All motions to compel discovery needed to be filed by that date and all requests for discovery needed to be served not later than sixty days prior to August 24, 2012. All pretrial motions, except motions to compel discovery needed to be filed on or before November 16, 2012. (<u>See</u> Dkt. No. 42 at p. 6.)

/////

1

1.     On July 17, 2012, defendants filed a motion for an extension of time to respond to plaintiff's discovery requests. (See Dkt. No. 47.) Plaintiff served his first request for the production of documents on May 24, 2012. Defense counsel states that he was not aware until July 10, 2012, when he received a letter from plaintiff that plaintiff had served discovery requests on defendants. According to defense counsel, he "determined that the discovery requests were present within the case-file, but, due to inadvertance and excusable neglect, were not provided to Defense counsel to be calendared." (See id. at p. 2.)

    Pursuant to the May 4, 2012 order, defendants had forty-five days to respond to plaintiff's May 24, 2012 discovery requests. As defendants did not respond within forty-five days, the matters in the requests would be deemed admitted. See FED. R. CIV. P. 36(a)(3). Defendants move under Federal Rule of Civil Procedure 36(b) for relief which permits the admissions to be withdrawn "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

    Defendants are correct that permitting them to withdraw their admissions would promote the presentation of the merits of this action. However, it is also worth noting that plaintiff only received defendants' responses to his discovery requests four days prior to the end of the discovery period in this case. (See Dkt. No. 50 at p. 2.) In light of the late discovery response by defendants, on August 29, 2012, plaintiff requested an extension of time to the discovery period. So as to promote the presentation of the merits of this action as well as not prejudice the plaintiff due to defendants' failure to timely file responses to his discovery requests, defendants' motion for an extension of time to respond to plaintiff's discovery requests (Dkt. No. 47) will be granted and plaintiff's motion for an extension of time to the discovery period (Dkt.

/////

/////

/////

No. 50.) will also be granted in part.[1]

## II. MOTION TO APPOINT COUNSEL

On September 10, 2012, plaintiff filed his third request for the appointment of counsel. (See Dkt. No. 52.) Plaintiff's previous requests were filed on November 22, 2010 and May 23, 2012 and those requests were denied. For the reasons discussed in those orders, plaintiff's third request for a motion to appoint counsel will be denied.

## III. MOTION TO EXCEED INDIGENT COPY DEBT LIMIT

On June 4, 2012, Plaintiff requested that the court issue an order which allows him to receive up to a $500 debt limit on his photocopying fees while in prison. (See Dkt. No. 44.) Plaintiff fears that he may be approaching a $100 debt limit that his prison has in place. Nevertheless, plaintiff has been able to pursue this litigation and has filed several documents since June 4, 2012. Thus, he has not been prevented from meaningful access to the courts as he has not shown actual injury. Cf. Johnson v. Moore, 948 F.2d 517, 521 ("A right of access claim other than one alleging inadequate law libraries or alternative sources of legal knowledge must be based on actual injury.") Therefore, plaintiff's motion will be denied without prejudice at this time.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for relief under Federal Rule of Civil Procedure 36(b) and request for a thirty-day extension of time to respond to plaintiff's discovery requests (Dkt. No. 47.) is GRANTED[2];

---

[1] Defendant initially requested a thirty-day extension until September 24, 2012 to the discovery period. Subsequently, he filed an errata sheet (See Dkt. No. 51.) to his motion which requests a ninety-day extension of time to the discovery period. However, the discovery period will only be extended until October 9, 2012.

[2] Defendants have already served plaintiff with their responses to his discovery requests. (See Dkt. No. 50 at p. 2.)

2. Plaintiff's motion for an extension of time to respond to discovery issues is GRANTED IN PART;

3. The parties may conduct discovery until October 9, 2012. Any motions necessary to compel discovery shall be filed by that date;

4. All pretrial motions, except motions to compel discovery, shall be filed on or before November 30, 2012. Motions shall be briefed in accordance with paragraph 7 of this court's order filed April 20, 2011;

5. Pretrial conference dates and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

6. Plaintiff's motion for the appointment of counsel (Dkt. No. 52.) is DENIED; and

7. Plaintiff's motion for authorization to exceed the indigent legal copy debt limit (Dkt. No. 44.) is DENIED without prejudice.

DATED: September 26, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
bost1782.discmot