IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE' BOSTON,

      Plaintiff,                            No.  2: 10-cv-1782 KJM DAD P

   vs.

V. GARCIA, et al.,

      Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Presently before the court are defendants' motion for a protective order, plaintiff's motions for an extension of time for discovery, plaintiff's motion to exceed the copy limit and plaintiff's motion to have the clerk serve defendants and provide plaintiff with a copy of his pleadings.  For the following reasons, plaintiff's motion for a protective order is denied.  The court will also modify the schedule in this case making plaintiff's motions for an extension of time moot.  Furthermore, the court will grant in part plaintiff's motion to exceed the copy limit and deny his motion to have the clerk serve defendants and provide plaintiff a copy of his own pleadings.

/////

/////

1

## I. BACKGROUND

On May 4, 2012, the court issued a discovery and scheduling order in this case. The parties were given until August 24, 2012 to conduct discovery. Responses to discovery requests were due forty-five days after the request was served. All motions to compel discovery were required to be filed by August 24, 2012. All pretrial motions, except motions to compel discovery were required to be filed on or before November 16, 2012. (See Dkt. No. 42 at p. 6.)

On July 17, 2012, defendants filed a motion for an extension of time to respond to plaintiff's discovery requests. (See Dkt. No. 47.) Plaintiff served his first request for the production of documents on May 24, 2012. Defense counsel stated that he was not aware until July 10, 2012, when he received a letter from plaintiff, that plaintiff had served discovery requests on defendants. According to defense counsel, he "determined that the discovery requests were present within the case-file, but, due to inadvertence and excusable neglect, were not provided to Defense counsel to be calendared." (See id. at p. 2.)

Pursuant to the May 4, 2012 discovery and scheduling order, defendants had forty-five days to respond to plaintiff's May 24, 2012 discovery requests. Because defendants did not respond within forty-five days, the matters in the requests would be deemed admitted. See FED. R. CIV. P. 36(a)(3). Defendants subsequently moved under Federal Rule of Civil Procedure 36(b) for relief which permitted admissions to be withdrawn "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

Plaintiff eventually received defendants' responses to his May 24, 2012 discovery requests on August 20, 2012. On August 29, 2012, Plaintiff requested an extension of time to the discovery period because he had only received defendants' responses to his first discovery requests four days prior to the initial discovery cutoff date of August 24, 2012. Plaintiff initially requested a thirty-day extension of time to the discovery period, but subsequently requested a ninety-day extension in that regard. (See Dkt. Nos. 50 & 51.) The court subsequently granted an

extension of time to the discovery period until October 9, 2012. Pursuant to that order modifying the scheduling order, all pretrial motions, except motions to compel discovery were due on or before November 30, 2012. (See Dkt. No. 53.) On September 6, 2012, plaintiff served a second set of admissions on defendants requesting responses.

## II. MOTION FOR A PROTECTIVE ORDER

On October 18, 2012, defendants filed a motion for a protective order seeking to protect them from having to respond to plaintiff's second set of discovery requests. Defendants subsequently filed an amended motion for a protective order on October 22, 2012. Defendants sole argument in support of their amended motion for a protective order is that plaintiff's discovery requests are untimely because they were not served at least sixty days before the discovery deadline established by the May 4, 2012 discovery and scheduling order. Since plaintiff's second requests were served on September 6, 2012, defendants claim that they should not be required to respond thereto because their response was due forty-five days after that date which is beyond the current discovery deadline cutoff of October 9, 2012.

"Upon motion by a party or by the person from whom discovery is sought . . ., and for good cause shown, the court . . . may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden . . . ." FED. R. CIV. P. 26(c). Defendants assert that they would be unnecessarily burdened by having to respond to plaintiff's second set of discovery requests. While certainly responding to the second set of discovery requests would be burdensome on defendants, in this case, the court will nonetheless deny defendant's motion for a protective order.

Defendants are technically correct that the current discovery deadline of October 9, 2012 meant that their responses to plaintiff's second set of discovery requests were due after the discovery cutoff. Nevertheless, the court notes that the September 2012 service of plaintiff's second set of discovery requests was due in part to defendants taking almost three months to respond to plaintiff's first set of discovery requests. Defendants admitted they were neglectful in

failing to respond to plaintiff's first set of discovery requests. (See Dkt. No. 47.) Nevertheless, the court excused this neglect and granted defendants' motion for relief under Federal Rule of Civil Procedure 36(b). (See Dkt. No. 53.)

It is worth noting that even after discovering on July 10, 2012 that plaintiff had served his first set of discovery requests on May 24, 2012, defendants still took forty additional days to serve their responses to those requests on August 20, 2012. Subsequently, within three weeks thereafter, plaintiff served his second set of discovery requests on defendants on September 6, 2012. Defendants initial neglect ultimately caused it to be necessary to extend the August 24, 2012 discovery deadline which gave plaintiff time to file any discovery motions with respect to his first set of discovery requests.

In light of the procedural history of this case, including defendants' admitted neglect during the course of discovery, the court finds that good cause has not been shown by defendants as to why they should not be required to respond to plaintiff's second set of discovery requests. Therefore, defendants' amended motion for a protective order will be denied. The court will again modify the schedule currently in place and provide defendants a modest period of time to respond to plaintiff's second discovery requests.[1]

### III. MOTION TO EXCEED COPY LIMIT

Plaintiff is currently incarcerated in the Northern Nevada Correctional Center in Carson City, Nevada. On October 9, 2012, plaintiff filed a motion to exceed the copy limit currently in place by the Nevada Department of Corrections (NDOC). Plaintiff asserts that he has exceeded the $100 limit put in place by NDOC for legal copies and requests an additional $500.

/////

---

[1] In light of this modification of the scheduling order, plaintiff's motion for reconsideration (Dkt. No. 56.), which is construed as a motion for an extension of the discovery period and plaintiff's motion for an extension of time to complete discovery (Dkt. No. 64.) will be denied as moot.

1   Petitioner does not have the right to free photocopying.  See Johnson v. Moore,
2   948 F.2d 517, 521 (9th Cir. 1991); Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989) (stating
3   "numerous courts have rejected any constitutional right to free and unlimited photocopying").
4   NDOC Administrative Regulation 722 ("Inmate Legal Access") provides that "[c]opies of legal
5   documents requested by inmates may be made for a nominal fee."  NDOC Administrative
6   Regulation § 722.  Inmates can only accrue a maximum of $100 debt for copy work expenses for
7   all cases, not per case.  See id.  The regulation also provides that carbon paper shall be made
8   available to any inmate who requests it for legal purposes.  See id.

9   Plaintiff states in his motion that he has exceeded his prison copy limit and has
10  attached a copy of his inmate account statement which also indicates that he has exceeded the
11  $100 threshold.  A court can order a prison to provide additional photocopying when the
12  petitioner demonstrates that an increase is necessary for an inmate to provide copies to the court
13  and other parties.  See Allen v. Clark County Detention Ctr., Civ. No. 10–857, 2011 WL 886343,
14  at *2 (D. Nev. Mar. 11, 2011).  In this case, based on plaintiff's lack of funds and the current
15  state of the case in which dispositive motions are not yet due, the court finds that plaintiff has
16  demonstrated a need to have his prison copy work limit increased.  However, the court will not
17  grant plaintiff's request of an additional $500 debt limit.  Instead, the court's order will permit
18  plaintiff an additional $50.  Plaintiff is warned however, that he should use his copying privileges
19  sparingly.  For example, plaintiff should refrain from filing duplicative motions.  Furthermore,
20  plaintiff should take full use of carbon paper to duplicate documents when possible as further
21  requests for an increase in plaintiff's allotment will not be looked upon favorably.

22  IV.  MOTION TO HAVE CLERK SERVE DEFENDANTS AND FOR COPIES
23  Finally, plaintiff requests that the court order the clerk to serve various filings on
24  the defendants because he has exhausted his legal copy limit and requests that the court provide
25  him with copies of his own filings.  This motion will be denied.  The court notes that it does not
26  /////

typically provide free copies of documents to the parties nor does it order the Clerk of Court to serve responses/motions on defendants.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' amended motion for a protective order (Dkt. No. 59.) is DENIED;

2. The defendants shall serve responses to plaintiff's second set of discovery requests on or before November 21, 2012;

3. Motions to compel arising from plaintiff's second set of discovery requests, if any, shall be filed and served on or before December 12, 2012;

4. All pretrial motions, except motions to compel discovery arising from plaintiff's second set of discovery requests, shall be filed on or before January 9, 2013.  Motions shall be briefed in accordance with paragraph 7 or this court's order filed April 20, 2011;

5. Pretrial conference dates and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such motion;

6. In light of the modification of the schedule as outlined above, plaintiff's motion for reconsideration (Dkt. No. 56.), which is construed as a motion for a modification of the scheduling order and motion for an extension of time (Dkt. No. 64.) are DENIED AS MOOT; and

7. Plaintiff's motion to exceed the copy limit (Dkt. No. 55.) is GRANTED IN PART as follows:  the Nevada Department of Corrections shall increase plaintiff's prison copy work limit so that he is allotted an additional $50.00 worth of copying privileges/debt limit; and

8. Plaintiff's motion to have the clerk serve defendants and provide plaintiff free copies of filings (Dkt. No. 62.) is DENIED.

DATED: November 6, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
bost1782.protorder