1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDRE' BOSTON,

11          Plaintiff,                    No.  2:10-cv-1782 KJM DAD P

12      vs.

13   V. GARCIA, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking

17   relief under 42 U.S.C. § 1983.  Pending before the court is plaintiff's discovery motion brought

18   pursuant to Federal Rule of Civil Procedure 36(a)(6).

19                    **PLAINTIFF'S DISCOVERY MOTION**

20          On October 1, 2012, plaintiff filed a motion pursuant to Federal Rule of Civil

21   Procedure 36(a)(6), asking the court to determine the sufficiency of defendants' responses to his

22   requests for admission.  Therein, plaintiff contends that defendants' responses are evasive,

23   provided in bad faith, and demonstrate disdain for the discovery process.  Plaintiff also contends

24   that defendants' responses were untimely.  (Pl.'s Disc. Mot. at 1-9, Attachs. A-D.)

25          In opposition to plaintiff's motion, defense counsel argues that plaintiff fails to

26   specify which responses to his requests for admission are insufficient or improper.  In addition,

1

1  defense counsel contends that defendants' responses were timely because the court granted the

2  defendants a nunc pro tunc extension of time to respond to plaintiff's discovery requests.  (Defs.'

3  Opp'n to Pl.'s Disc. Mot. at 2-3.)

4                                                    **DISCUSSION**

5              Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain

6  discovery regarding any non-privileged matter that is relevant to any party's claim or defense."

7  Fed. R. Civ. P. 26(b).  Under Rule 36 of the Federal Rules of Civil Procedure, a party may move

8  the court to determine whether a responding party's answers or objections to his requests for

9  admission are sufficient.  See Fed. R. Civ. P. 36(a)(6).

10             In this case, the court has reviewed plaintiff's requests for admission and

11  defendants' responses thereto.  Plaintiff's primary complaint is that defendants refuse to admit to

12  the authenticity of the numerous exhibits attached to his complaint.  (Pl.'s Reqs. for Admis. 1-4,

13  11-19 & 25.)  In their objections, defendants state that, after reasonable inquiry, they lack

14  sufficient information or belief to admit or deny that plaintiff's document exhibits are true and

15  complete copies of what plaintiff purports them to be.  (Id.)  Given that the vast majority of

16  plaintiff's exhibits are clearly from plaintiff's prison central file, the court can appreciate and

17  understand plaintiff's frustration with defense counsel's objections.  Nevertheless, the defendants

18  are not custodians of these records and did not generate them.  Nor are the defendants required to

19  authenticate plaintiff's evidence for him.  Accordingly, the court will not require defendants to

20  respond further to these requests for admission.[1]

21             Plaintiff also complains about defendants' objections to several of his other

22  requests for admission that do not relate to authentication.  (Pl.'s Reqs. for Admis. 25-28, 40, 42

23  & 57.)  However, it is not clear from plaintiff's motion and attachments whose responses –

24  _____

25      [1] Of course, this does not mean that a later objection by defendants to the authenticity of
these exhibits from plaintiff's central file will be sustained absent a showing calling the
authenticity of those records into question.  Rather, the court is simply declining to require
26  defendants to admit to their authenticity at this time.

2

1   defendant Garcia's or defendant Renauld's – were insufficient and why.  The court does not hold

2   litigants proceeding pro se to the same standards that it holds attorneys.  However, at a minimum,

3   as the moving party plaintiff has the burden of informing the court why he believes the

4   defendants' responses are deficient, why the defendants' objections are not justified, and why the

5   information he seeks through discovery is relevant to the prosecution of this action.  See, e.g.,

6   Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb.

7   10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the

8   court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC,

9   2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which

10  discovery requests are the subject of his motion to compel, and, for each disputed response,

11  inform the court why the information sought is relevant and why Defendant's objections are not

12  justified.").  The court will not examine each of plaintiff's discovery requests and each of the

13  defendants' responses thereto in order to determine whether any of the defendants' responses are

14  somehow deficient.  Accordingly, the court will not require defendants to respond further to these

15  requests for admissions either.

16              Finally, as to plaintiff's timeliness argument, defense counsel is correct that the

17  defendants' responses to plaintiff's requests for admission were timely.  The court granted

18  defendants a nunc pro tunc extension of time to return their responses to plaintiff.  (Order Filed

19  Sept. 26, 2012 (Doc. No. 53).)  Accordingly, the court finds that defendants timely served their

20  responses and preserved their objections thereto.

21                                              **OTHER MATTERS**

22              Also pending before the court is plaintiff's motion to stay these proceedings,

23  which he filed in response to defendants' motion for summary judgment.  In his motion, plaintiff

24  contends that summary judgment is premature because the court has not ruled on his discovery

25  motion.  In addition, plaintiff requests that the court order defendants to provide him with a copy

26  /////

1    of his deposition transcript to aid him in preparing his opposition to their summary judgment

2    motion.

3            The court has now ruled upon plaintiff's discovery motion.[2]  In addition,

4    defendants are not required to provide plaintiff with a copy of his deposition transcript.[3]  See

5    Whittenberg v. Roll, No. CIV S-04-2313 FCD JFM P, 2006 WL 657381 at *5 (E.D. Cal. Mar.

6    15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of the

7    deposition transcript free of charge).  Moreover, under Rule 30(f)(3) of the Federal Rules of Civil

8    Procedure, the officer before whom a deposition is taken must retain stenographic notes of the

9    proceedings or a copy of the recording of a deposition taken by different method.  The officer

10   must also provide a copy of the transcript to any party or to the deponent upon payment of

11   reasonable charges therefor.  The court will not order defense counsel or the defendants to

---

[2]  Insofar as plaintiff is concerned about submitting his opposition having not authenticated any of his exhibits, he is advised that he himself may provide the court with a declaration signed under penalty of perjury that provides the details surrounding his review of his file, what the review revealed, and the date the review occurred.  Moreover, as a practical matter, it would be an abuse of this court's discretion to refuse to consider evidence offered by a pro se plaintiff at the summary judgment stage.  See, e.g., Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (reversing and remanding with instructions to consider evidence offered by the pro se plaintiff in his objections to the findings and recommendations); Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (holding that the district court properly considered a diary which defendants moved to strike as inadmissible hearsay because "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form.  We focus instead on the admissibility of its contents."); Johnson v. Meltzer, 134 F.3d 1393, 1399-1340 (9th Cir. 1998) (reversing and remanding for consideration of the pro se plaintiff's verified motion as an affidavit in opposition to summary judgment); see also, e.g., Fryman v. Traquina, No. CIV 07-2636 JAM DAD, 2009 WL 113590 at *11 n.5 (E.D. Cal. Jan. 15, 2009) (overruling defendants' objections to plaintiff's medical records on the grounds that they constitute hearsay, lack foundation and are not properly authenticated because "[i]t cannot reasonably be disputed that the records in question are plaintiff's medical records from his prison file.  Those records are created and maintained by prison officials.").  Finally, in the event that this matter proceeds past the summary judgment stage, plaintiff will have adequate time to authenticate any documents that he wishes to introduce at trial if necessary.  See also fn. 1, above.

[3]  Nor can the court provide plaintiff with a copy of the transcript.  Although the court granted plaintiff leave to proceed in forma pauperis, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'"  Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976).  The expenditure of public funds for deposition transcripts is not authorized by the in forma pauperis statute or any other statute.  See 28 U.S.C. § 1915.

1  provide plaintiff with a copy of his deposition transcript.  Plaintiff must obtain it from the officer

2  before whom the deposition was taken.  See Claiborne v. Battery, No. CIV S-06-2919 FCD EFB

3  P, 2009 WL 530352 at *3 (E.D. Cal. Mar. 3, 2009) (denying plaintiff's request for a court order

4  directing the defendant to provide him with a copy of his deposition transcript); Brown v.

5  Castillo, No. CV F-02-6018 AWI DLB, 2006 WL 1408452 at *1 (E.D. Cal. May 22, 2006)

6  (same).

7        Accordingly, the court will deny plaintiff's motion for a stay as well as his request

8  for a court order requiring defendants to provide him with a copy of his deposition transcript.

9  The court will also order plaintiff to file his  opposition to defendants' motion for summary

10  judgment within twenty-one days.

11  **CONCLUSION**

12        In accordance with the above, IT IS HEREBY ORDERED that:

13        1.  Plaintiff's discovery motion pursuant to Federal Rule of Civil Procedure

14  36(a)(6) (Doc. No. 54) is denied;

15        2.  Plaintiff's motion for a stay and request for an order requiring defendants to

16  provide him with a copy of his deposition transcript (Doc. No 71) are denied; and

17        3.  Plaintiff shall file an opposition to defendants' motion for summary judgment

18  within twenty-one days of the date of service of this order.  Defendants shall file a reply, if any,

19  in accordance with Local Rule 230(l).

20  DATED: March 20, 2013.

21

22

    DALE A. DROZD

23  DAD:9
    UNITED STATES MAGISTRATE JUDGE
bost1782.mtc

24

25

26